IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BARRY FOREMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-15-1137-R |
| ) | |
| BARBARA VIRGINIA RHYNE, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a pro se inmate, filed a Complaint under 42 U.S.C. § 1983 alleging two private citizens made false allegations against him in a police report and a Garfield County Police Officer "endorsed" the false charges. Doc. 1. United States District Judge David L. Russell referred the matter for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 5. The undersigned recommends the Court dismiss the Complaint on screening.

### I. Plaintiff's Claims

Plaintiff sues Barbara Virginia Rhyne and her daughter Shela (last name unknown) for falsely claiming in a police report that Plaintiff made a threatening phone call to their residence. Doc. 1, at 1-2. Plaintiff alleges Garfield County Police Officer Aaron Moore "endorsed the[] false charges." *Id.* at 4. Based on the police report, Plaintiff was charged with threatening a violent act and violating a protective order in Garfield County, Case No. CM-2015-621. *Id.* at 2. Plaintiff pleaded guilty to the charges. *Id.* at 3.

### II. Screening Standard

Because Plaintiff is proceeding in forma pauperis, Doc. 10, the Court has an independent duty to dismiss any allegation that fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Under such review, the Court "'must accept all the well-pleaded

allegations of the complaint as true and must construe them in the light most favorable to . . . [P]laintiff.'" *Thomas v. Kaven*, 765 F.3d 1183, 1190 (10th Cir. 2014) (citation omitted). To survive dismissal, Plaintiff's Complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility . . . ." *Id.* (internal quotation marks and citation omitted).

## III.    Analysis

### A.    Plaintiff's Claims Against Private Citizens

The undersigned first turns to Plaintiff's claims against Barbara Rhyne and her daughter Shela, as his allegations against these private citizens implicate the Court's subject-matter jurisdiction. *See, e.g., Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("The requirement that jurisdiction be established as a threshold matter 'springs from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" (citation and internal brackets omitted)).

Plaintiff has elected to bring suit under § 1983, and a showing that Defendants were acting "under color of state law" is "a jurisdiction requisite for a § 1983 action[.]" *Polk Cnty. v. Dodson*, 454 U.S. 312, 315 (1981). In other words, "the only proper defendants in a [§] 1983 claim are those who represent the state in some capacity . . . ." *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995). Plaintiff check-marked "Yes" when asked if Barbara Rhyne and her daughter were acting under color of state law, Doc. 1, at 1-2; however, his Complaint clearly describes the women as private citizens who allegedly made false statements to police, resulting in Plaintiff's arrest and conviction. *Id.* at 1-4. Thus, Plaintiff's allegations fail to establish that these individuals were acting under color of state law.

*See Benavidez v. Gunnell*, 722 F.2d 615, 618 (10th Cir. 1983) ("We know of no case in which the report of a state crime is action under color of state law under § 1983."); *see also, e.g., Blackfeather v. Wheeler*, 623 F. App'x 907, 911 n.5 (10th Cir. 2015) (holding plaintiff's claim that private citizen witnesses gave false statement to police did not state a claim under § 1983 because there was "no plausible allegations that there was a 'conspiracy, prearranged plan, customary procedure, or policy that substituted the judgment of a private party for that of the police or allowed a private party to exercise state power'" (citation omitted)); *Bennett v. Johnson*, 500 F. App'x 776, 778 (10th Cir. 2012) (noting plaintiff had not established that private citizen, who reported plaintiff's conduct to police and testified against plaintiff, was acting "under color of state law"). Because Plaintiff failed to state a valid claim that Barbara Rhyne or her daughter acted under color of state law, this Court lacks jurisdiction over the § 1983 claims against them and should dismiss the claims without prejudice. *See Lay v. Otto*, 530 F. App'x 800, 802-03 (10th Cir. 2013) (dismissing plaintiff's lawsuit "without prejudice for lack of subject-matter jurisdiction" because, where plaintiff failed to establish defendants were acting under color of state law, his "§ 1983 claim did not support the district court's exercise of federal jurisdiction over the lawsuit").

### B. Plaintiff's Claim Against Officer Moore

In a one-sentence statement, Plaintiff accuses Officer Moore of "endors[ing] the[] false charges." Doc. 1, at 4. The undersigned finds this allegation too conclusory to state a valid claim for relief.[1]

---

[1]As noted above, Plaintiff plead guilty to the charges in CM-2015-621, *see supra* at 1, and "[u]nder *Heck v. Humphrey*, courts cannot award monetary damages for § 1983 civil rights violations when doing so 'would necessarily imply the invalidity of a prisoner's conviction or sentence' and the prisoner has not demonstrated 'that the conviction or sentence has already been
. . . cont'd . . .

In *Blackfeather*, the plaintiff sued police officers under § 1983 for "falsif[ying] their reports." 623 F. App'x at 910. The district court dismissed the claims on screening, finding the plaintiff's allegations were too conclusory to state a valid claim for relief. *Id.* at 909-10. The Tenth Circuit affirmed the decision, holding: "In the absence of any 'well-pleaded factual contentions' giving rise to the plausible inference that the police officers falsified their reports, the district court was not required to accept [the plaintiff's] 'conclusory allegations' as true . . . and did not err in finding that the claim was 'clearly baseless[.]'" *Id.* at 910 (citations omitted).

This Court should similarly find Plaintiff's one-sentence allegation against Officer Moore too conclusory to state a valid claim for relief. Plaintiff does not allege Officer Moore had any personal contact with Barbara Rhyne or her daughter or that he had any reason to believe the allegations might be false. As above, the Court should summarily dismiss this claim without prejudice. *See id.*

## RECOMMENDATION

On screening, the Court should summarily dismiss Plaintiff's claims without prejudice.

## NOTICE OF RIGHT TO OBJECT

The undersigned advises Plaintiff of his right to file an objection to the report and recommendation with the Clerk of this Court by March 9, 2016, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Plaintiff that failure to make a timely objection to the report and recommendation waives the right to appellate review

---

invalidated.'" *Crabtree v. Oklahoma*, 564 F. App'x 402, 404 (10th Cir. 2014) (citations omitted). However, the undersigned finds Plaintiff's claim against Officer Moore akin to a false arrest claim, and "successful false arrest claims don't always imply the invalidity of the claimant's conviction." *Id.* Without additional information, the undersigned cannot recommend dismissal under *Heck* on screening.

4

of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 17th day of February, 2016.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE